

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

_____

Nemours Building                              (302) 573-6277
1007 Orange Street, Suite 700          FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

December 20, 2005

Honorable Sue L. Robinson
Chief Judge
United States District court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:  **United States  v.  Roberto Velasquez-Jardon**
         <u>**Criminal Action No.  05-90-SLR**</u>

Dear Chief Judge Robinson:

    The defendant is prepared to enter a guilty plea pursuant to the terms of the enclosed Memorandum of Plea Agreement.

                        Respectfully submitted,

                        COLM F. CONNOLLY
                        United States Attorney

                    By: _____
                        Edmond Falgowski
                        Assistant United States Attorney

pc:    Penny Marshall, Esquire (w/ Enc.)
       Clerk's Office, USDC

EF:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-90-SLR |
| | ) | |
| ROBERTO VELASQUEZ-JARDON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Roberto Velasquez-Jardon, by and through the defendant's attorney, Penny Marshall, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant shall enter a guilty plea to the one count Indictment charging Reentry After Deportation, a violation of Title 8, United States Code, Section 1326(a) and (b)(2), which carries a maximum penalty of twenty years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment.

2.    The elements of Reentry After Deportation are as follows:

(a)    the defendant was deported from the United States;

(b)    after deportation the defendant knowingly returned to the United States;

(c)    the defendant returned to the United States without the permission of either the Attorney General of the United States or the Undersecretary for Border and Transportation Security, Department of Homeland Security; and

(d)    at the time the defendant returned to the United States he was not a citizen of the United States.

3.    The defendant agrees to pay the $100 special assessment the day of sentencing. Should the defendant fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

4.    The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court calculate the appropriate sentence under the U.S.S.G. and impose a sentence consistent with the U.S.S.G.

5.    The United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1. Further, if the defendant's criminal history score is 16 or greater, the United States agrees to move for an additional one point reduction in the offense level.

6.    It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made

2

prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____          By:_____
Penny Marshall, Esquire                 Edmond Falgowski
Attorney for Defendant                   Assistant United States Attorney

_____
Roberto Velasquez-Jardon
Defendant

Dated:

**AND NOW this _____ day of _____, 2006 the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.**

_____
Honorable Sue L. Robinson
United States District Court

3